UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN M. CASEY,

    Petitioner,

v.                                                    Case No: 2:15-cv-782-FtM-99CM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

## ORDER OF DISMISSAL[1]

**I.**

This matter comes before the Court upon review of the file. On December 16, 2015, the Court entered an Order to Show Cause (Doc. #7) directing Petitioner to show cause why the action should not be dismissed, without prejudice, due to Petitioner's failure to accurately answer the questions on the 28 U.S.C. § 2254 habeas corpus form. Petitioner's response to the show cause order was due on or before December 30, 2015. The Court noted that judicial efficiency was impacted when a petitioner failed to accurately answer the questions on the Court's approved, standardized forms. Additionally, the Court directed Petitioner to file an Amended Petition in this case to accurately answer the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

questions on the form on or before December 30, 2015. Instead of complying with the Court's directive, Petitioner filed a motion entitled "motion for hearing, motion to appoint counsel, motion for joinder, and motion to amend/correct" (Doc. #9) on December 23, 2015.

## II.

The Court's December 16 Order noted that Petitioner's § 2254 Petition for Writ of Habeas Corpus challenged his plea based judgment and conviction entered in the Twentieth Judicial Circuit Court in case number 10-CF-19945. On the habeas form, however, Petitioner marked that he pled "not guilty" in this case. The Court noted that the claims Petitioner could raise in a habeas petition challenging a plea based conviction were vastly different from the sort of claims Petitioner could raise after a jury trial. Therefore, the Court directed Petitioner to file an Amended Petition in order to accurately answer the questions on the habeas corpus form and to show cause why the Court should not dismiss the action for failure to accurately answer the questions on the form.

The Court's December 16 Order also denied Petitioner's motion to join the instant case with a previous pending habeas corpus action (2:15-cv-696) finding that the two cases were entirely different. The other federal habeas action in fact challenged a jury-based conviction after which Petitioner was sentenced to a term of life imprisonment. Finally, the Court noted that the two state criminal cases were assigned different case numbers in the Twentieth Judicial Circuit Court.

**III.**

In a disjointed pleading, Petitioner again moves the Court to join the instant case with case number 2:15-cv-696. Doc. #9 at 1. Petitioner states that the case "involves the same facts and circumstances regarding counsel James Ermacora authority to act as an agent being terminated because he developed adverse interests." Id. Petitioner continues that the "state suppressed favorable evidence for an affirmative defense in both cases prior to trial and plea in both cases but also interfered with state criminal appeals." Petitioner claims that "the only evidence in the above case is a post-arrest false confession and no other evidence." Id. at 2.

**IV.**

Petitioner has not attempted to show good cause why the Court should not dismiss the action for failure to accurately answer questions on the Court's standardized form, nor has he filed an Amended Petition as directed in the Court's December 16 Order in order to accurately answer the questions on the habeas corpus form. The Court warned Petitioner that failure to comply with its order would result in the dismissal of this action without further notice. Consequently, the Court dismisses this action due to Petitioner's failure to comply with the Court's December 16 Order.

Additionally, the Court affirms its December 16 Order denying Petitioner's motion to join, or consolidate, the two habeas corpus actions. Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve common questions of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

As previously stated in the December 16 Order, in federal case number 2:15-cv-696, Petitioner challenges a jury based conviction for second degree murder of victim and first degree arson arising in state criminal case number 10-CF-019724. In the instant action, Petitioner raises two grounds for relief challenging a manslaughter conviction for victim, Larrick Sikes, in which he entered a *nolo contendere* plea. See Doc. #1. Evidence in this case consisted of Petitioner's confession to law enforcement. In ground one, Petitioner focuses on evidence that he claims was illegally obtained from his cell. Id. at 5. The remaining allegations pertain mostly to Petitioner's conditions of confinement in the Department of Corrections. Id. at 5-6. In ground two, Petitioner raises issues concerning the effectiveness of his counsel. The two habeas actions are unrelated and do not involve common questions of law or fact. Therefore, Petitioner's motion to join is denied.

Petitioner also moves for appointment of counsel and moves to amend, but does not provide any support or discussion whatsoever for either of these requests. Habeas corpus proceedings are civil in nature. See Fisher v. Baker, 203 U.S. 174, 181 (1906). There is no requirement in a federal habeas corpus proceeding that a petitioner be appointed counsel. Norris v. Wainwright, 588 F.2d 130, 133-34 (5th Cir. 1979).[2] Further, "the fact that a *pro se* litigant lacks the skills and knowledge of a trained attorney does not require that he be afforded counsel, for if this were the standard virtually every

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*pro se* litigant would be entitled to counsel." Branch v. Cole, 686 F.2d 264 (5th Cir. 1982). Petitioner does not set forth any exceptional circumstances in his motion to warrant the appointment of counsel. To the extent Petitioner moves to amend, he was already directed to do so and failed to comply with the Court's Order.

ACCORDINGLY, it is hereby

**ORDERED:**

1. This case is **DISMISSED**, without prejudice, due to Petitioner's failure to comply with the Court's December 16 Order in its entirety.

2. Petitioner's "motion for hearing, motion to appoint counsel, motion for joinder, and motion to amend/correct" (Doc. #9) is **DENIED**.

3. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this 12th day of February, 2016.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

FTMP-1
Copies: All Parties of Record